IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:25-CV-52-FL

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEANNIE NICOLE WALLS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon review of defendant's notice of removal pursuant to 28 U.S.C. §§ 1915(e) and 1455(b)(4), and upon defendant's motion for leave to proceed in forma pauperis (DE 2). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's motion for leave to proceed in forma pauperis be denied. (DE 12). Plaintiff filed objections to the M&R. Also pending are plaintiff's motion to stay, motion to quash, and motion for removal of court assigned case worker. (DE 6, 7, 14). In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, the magistrate judge recommends denial of plaintiff's motion for leave to proceed in forma pauperis because plaintiff has not demonstrated that having to pay the required filing fee would deprive her of the necessities of life. Upon de novo review of the M&R, the court finds the magistrate judge's analysis to be thorough and correct. The court hereby ADOPTS the recommendation of the magistrate judge as its own. Plaintiff's objections are unavailing, because they do not provide any basis from departing from the rule that plaintiff must show by her in forma pauperis affidavit "to the court's satisfaction that [she is] unable on account of poverty to pay or give security for costs." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 340 (1948). Plaintiff's affidavit does not provide any information about income, employment, assets, or expenses. (See DE 2 at 1-5).

It is not sufficient for the court to make the requisite determination of poverty for plaintiff to object to disclosure of financial information, as she does in her objections, by stating for example that: 1) "[s]he operates solely in a private capacity and as the lawful fiduciary of her estate and trust, which remain under administrative interference," 2) "[p]laintiff has lawfully noticed the Internal Revenue Service of her role as fiduciary and authorized representative for the estate," 3) "[t]he legal demand to remit funds in Federal Reserve Notes constitutes a violation of [the] Constitution," and 4) "[a]ny alleged obligation of payment is already discharged or eligible for offset under public trust and Congressional mandate." (Obj. (DE 13) at 2-3).

Accordingly, plaintiff's motion for leave to proceed in forma pauperis is denied. In addition, upon review under 28 U.S.C. §§ 1915(e) and 1455(b)(4), the court determines that the instant criminal matter was not properly removed. Under 28 U.S.C. § 1443(1), a defendant subject

to a criminal prosecution in state court may remove the action to federal court when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Removal under section 1443(1) is limited to the rare situations in which a defendant is "denied or cannot enforce" the right to "racial equality" in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Further, such a denial must "be manifest in a formal expression of state law." Id. It is not enough to support removal under § 1443(1) "to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court." City of Greenwood v. Peacock, 384 U.S. 808, 815, 827 (1966).

Here plaintiff has not alleged facts giving rise to a plausible inference of a denial of the right to racial equality, much less that such denial is manifest in a formal expression of state law. Plaintiff asserts, rather, violations of her constitutional rights due to "unlawful service of process," "lack of proper prosecutorial authority," "improper demands for private information," and "enforcement of a private contract as criminal law," in a state misdemeanor criminal action for school attendance law violation. (See Notice of Removal (DE 1 at 7-8, 13). "[I]t [is] to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings," not through removal to this court. Johnson, 421 U.S. at 219; see, e.g., A & D Sec. Consultants v. Gray, 481 F. App'x 63 (4th Cir. 2012) (affirming remand order and denial of motion for leave to proceed informa pauperis, where the "case does not fairly implicate § 1443").

## CONCLUSION

Based on the foregoing, defendant's motion for leave to proceed in forma pauperis (DE 2) is DENIED. Upon review of defendant's notice of removal pursuant to 28 U.S.C. §§ 1915(e) and 1455(b)(4), the court lacks subject matter jurisdiction over this action. Therefore, this action is REMANDED to the General Court of Justice, District Court Division, of Halifax County, North Carolina. The clerk is DIRECTED to transmit a certified copy of this order to the clerk of that court, and to file in this case a copy of the clerk's transmittal letter with certified copy of the instant order. Plaintiff's motion to stay, motion to quash, and motion for removal of court assigned case worker (DE 6, 7, 14) are DENIED.

SO ORDERED, this the 12th day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge